# IN THE CIRCUIT COURT OF CHAMBERS COUNTY

| | |
|---|---|
| WENDELL DEAN VAN METER and NEVA JANE VAN METER, PLAINTIFFS | ) ) ) ) ) |
| VS | ) CIVIL ACTION NO:_____ |
| THE CITY OF LANETT, ALABAMA, OSCAR CRAWLEY, (Individually and as Mayor of the City of Lanett ), KYLE MCCOY, (Individually and as Lanett City Councilman) JOHN DUSKIN, (Individually and as Lanett City Councilman) MIKE YARBROUGH, (Individually and as Lanett City Councilman) JOEL G. HOLLEY, (Individually and as Lanett City Manager). DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) JURY DEMAND |



FILED IN O---

JUN 1 2006

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff, Wendell Dean Van Meter is a bona fide resident citizen of Lanett Chambers County, Alabama and is over the age of nineteen (19) years. Plaintiff, Neva Jane Van Meter is a bona fide resident of Lanett, Chambers County, Alabama and is over the age of nineteen (19) years.

2. Defendant, The City of Lanett, Alabama is a municipal corporation organized and existing under the laws of the State of Alabama.

3. Defendant, Oscar Crawley is a bona fide resident citizen of Lanett, Chambers County, Alabama and was Mayor of the City of Lanett on December 7, 2005.

4. Defendant, Kyle McCoy is a bona fide resident citizen of Lanett, Chambers

County, Alabama and was a Lanett City Councilman on December 7, 2005.

5. Defendant, John Duskin is a bona fide resident citizen of Lanett, Chambers County, Alabama and was a Lanett City Councilman on December 7, 2005.

6. Defendant, Mike Yarbrough is a bona fide resident citizen of Lanett, Chambers County, Alabama and was a Lanett City Councilman on December 7, 2005.

7. Defendant, Joel G. Holley is a bona fide resident citizen of Lanett, Chambers County, Alabama and was employed as City Manager for the City of Lanett on December 7, 2005.

8. That on or about December 7, 2005, Plaintiff, Wendell Dean Van Meter was wrongfully terminated from employment as a police lieutenant with the City of Lanett Police Department, by City Manager Joel G. Holley. The reason for said termination was listed as "theft of city property" and "conduct unbecoming an officer". Said charges were actually motivated by the fact that Van Meter had supported Defendant Crawley's opponent during his campaign for mayor, and had been openly critical of certain policies and practices of Mayor Crawley and the City of Lanett. Said termination was in violation of Section 11-43-21 (b) (3) <u>Code of Alabama 1975</u>, as amended and the <u>City of Lanett Personnel Policy</u>, in that the policy does not grant authority to the City Manager to terminate the employment of city employees and the terminate of police department employees, is specifically prohibited by Section 11-43-21 (b) (3) <u>Code of Alabama 1975</u>, as amended.

9. That on December 14, 2005 a so called "Due Process Hearing" was held before the City Of Lanett Mayor and Council. Said hearing was moot since Plaintiff,

RECEIVED JUN 05 2006 BY:

Wendell Van Meter had already received notification of his termination, **"Effectively Immediately"**, from City Manager Holley on December 7, 2005. During the course of said "Due Process Hearing", Defendant Oscar Crawley was asked by counsel for Wendell Dean Van Meter, to recuse himself from the proceedings. Prior to the hearing, Defendant Oscar Crawley made statements indicating that he had a predetermined opinion concerning Plaintiff Van Meters termination. Defendant Oscar Crawley refused to recuse himself. The so called "Due Process Hearing" deprived Plaintiff Wendell Dean Van Meter of his right to due process of law as guaranteed under the Constitution of the United States. Said deprivation of Plaintiff's rights was effected by the defendants while acting in their official capacities with the City of Lanett and thus acting "under the color of law".

COUNT ONE

WRONGFUL TERMINATION

10. On December 7, 2005, Plaintiff, Wendell Dean Van Meter was wrongfully terminated from employment with The City of Lanett, Alabama, thus denying Plaintiff, Wendell Dean Van Meter of his property right to gainful employment. His termination from employment was unfounded and his resulting injuries were proximately caused by the Defendants acting in their official capacity as officials of the City of Lanett and as individuals, as stated in paragraphs one (1) through nine (9) above. Said damages include loss of wages, and loss of employment benefits such as retirement benefits and health insurance benefits.

RECEIVED JUN 0 5 2006 BY:

## COUNT TWO

## DEPRIVATION OF CIVIL RIGHTS WHILE ACTING UNDER THE COLOR OF LAW

11. Plaintiff, Wendell Dean Van Meter was deprived of his right of Free Speech and political affiliation as guaranteed under the First Amendment to the Constitution of the United States of America and the City of Lanett written policy. Defendants Mayor Oscar Crawley and City Manager Joel Holley have openly made statements regarding their disdain for Plaintiff Van Meters "off duty" political activities. The deprivation of Plaintiff Van Meters First Amendment rights were proximately caused by the Defendants actions, in that his termination from employment was motivated by his making critical statements about Defendant Crawley and his administration. All Defendants were acting in their official capacities at the time as stated in paragraph nine (9) of this complaint. Said actions by the Defendants are in violation of 42 U.S.C.A. 1983.

Plaintiff, Wendell Dean Van Meter was deprived of his right to Due Process of Law, as guaranteed under the Fifth and Fourteenth Amendments to the Constitution of the United States of America. Said deprivation was proximately caused by the Defendants failure to provide Plaintiff Van Meter with an unbiased hearing of the facts, as required by law, prior to his termination of employment. Defendant, Mayor Oscar Crawley further caused Plaintiff to be denied due process, by refusing to recuse himself from the proceedings aforementioned in paragraph nine (9). Said actions are in violation of 42 U.S.C.A. 1983.

## COUNT THREE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

12. The intentional actions of the Defendants, acting in their official capacity as the governing body of the City of Lanett, Alabama, did wantonly and willfully inflict emotional distress on Plaintiff, Wendell Van Meter by wrongfully terminating his employment with the City of Lanett, as complained of in paragraphs one (1) through nine (9) of this complaint.

## COUNT FOUR

### DEFAMATION

13. The Defendants, acting in their official capacity as the governing body of the City of Lanett, Alabama, and as individuals, did wantonly and willfully, cause public humiliation, embarrassment and harm to the reputation of Plaintiff, Wendell Dean Van Meter, by wrongfully accusing him and terminating his employment on unfounded charges of "Theft of City Property" and "Conduct Unbecoming an Officer", as stated in paragraph eight (8) of this complaint, thereby labeling him as a "thief".

## COUNT FIVE

### LOSS OF CONSORTIUM

14. The intentional acts of the Defendants, acting in their official capacities as the governing body of the City of Lanett, Alabama, and as individuals, as stated in paragraphs one (1) through nine (9) and counts one (1) through four (4) of this complaint, and all other tortious acts complained of herein, caused Plaintiff, Neva

Jane Van Meter to loose the consortium and society of her spouse, Wendell Dean Van Meter.

## COUNT SIX

### NEGLIGENCE

15. Defendant, the City of Lanett, Alabama was negligent in its failure to establish a written policy that would ensure that "Due Process of Law" was afforded to Plaintiff Wendell Dean Van Meter. Defendants, Oscar Crawley, Kyle McCoy, John Duskin and Mike Yarbrough were negligent in their failure to prevent Defendant Joel G. Holley, from implementing the unauthorized termination of Plaintiff Wendell Dean Van Meter on December 7, 2005, prior to a due process hearing, as stated in paragraph eight (8) of this complaint. Defendants Oscar Crawley, Kyle McCoy, John Duskin and Mike Yarbrough were further negligent, while acting in their "final policy making authority", by failing to "correct" the unauthorized actions of City Manager Joel G. Holley during the "Due Process Hearing" referred to in paragraph nine (9) and count one (1) of this complaint. Defendant, the City of Lanett, Alabama was negligent in failing to establish a policy and to comply with statutory requirements as to the proper handling and destruction of governmental records. Said negligence proximately caused the events leading to the ultimate wrongful termination of Plaintiff Wendell Dean Van Meter.

WHEREFORE, Plaintiffs demand judgment against the defendants for compensatory damages in the amount of $500,000 plus punitive damages in an amount to be determined by the trier of fact that is mete and proper under the circumstances.

Furthermore, Plaintiffs demand a trial by jury.

*[signature]*
WENDELL DEAN VAN METER
PLAINTIFF

*[signature]*
NEVA JANE VAN METER
PLAINTIFF

STATE OF ALABAMA )
                 )
CHAMBERS COUNTY  )

The above and foregoing was sworn to and subscribed before me, a Notary Public, by Wendell Dean Van Meter and Neva Jane Van Meter, Plaintiffs in this cause, on the 24th day of May 2006.

*[signature]* Yolanda A. Anderson
Notary Public
My Commission Expires: NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: JULY 14, 2008
BONDED THRU NOTARY PUBLIC UNDERWRITERS

Done this 24th day of May 2006.

_William H. Harris_
William G. Harris (HAR277)
Attorney for Plaintiffs

_James C. Ingram_
James C. Ingram Jr. (ING018 )
Of Counsel

James C. Ingram Jr.
Attorney at Law
P.O. Box 258
Lanett, Alabama 36863

William G. Harris
Attorney at Law
P.O. Box 698
Foley, Alabama 36536

## IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| WENDELL DEAN VAN METER<br>And<br>NEVA JANE VAN METER<br>PLAINTIFFS<br><br>VS<br><br>THE CITY OF LANETT, ALABAMA<br>OSCER CRAWLWY, (Individually and as<br>Mayor of the City of Lanett), KYLE MCCOY,<br>(Individually and as Lanett City Councilman),<br>JOHN DUSKIN (Individually and as Lanett<br>City Councilman), MIKE YARBROUGH<br>(Individually and as Lanett City Councilman),<br>JOEL G. HOLLEY (Individually and as Lanett<br>City Manager) | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. CV06-18<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |



### SUMMONS

To any sheriff or any other person authorized by either Rules 4.1(b)(2) Or 4.4(b)(2) of the Alabama Rules of Civil Procedure to effect service. You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant Mike Yarbrough.

### NOTICE TO DEFENDANT

The complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the complaint, to William G. Harris, the attorney for the Plaintiffs, whose address is: P.O. Box 698, Foley, Alabama 36536.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THING DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of Court within a reasonable time afterward.

FILED IN:

Dated _JUN 1 2006_            _Charles W. Story_
                              Clerk of Court

CHARLES W. STORY
CIRCUIT CLERK
CHAMBERS COUNTY, ALABAMA