IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| WENDELL DEAN VAN METER, | ) | RECEIVED |
| NEVA JANE VAN METER, | ) | |
| | ) | 2007 FEB 27  A 10: 28 |
| Plaintiffs. | ) | |
| | ) | DEBRA P. HACKETT, CLK |
| v. | ) | U.S. DISTRICT COURT |
| | ) | MIDDLE DISTRICT ALA |
| THE CITY OF LANETT, | ) | |
| ALABAMA; OSCAR CRAWLEY, | ) | |
| Individually and as Mayor of the City | ) | Case No: 3:06-CV-583-MHT |
| Of Lanett; KYLE MCCOY, | ) | |
| Individually and as Lanett City | ) | |
| Councilman; JOHN DUSKIN, | ) | |
| individually and as Lanett City | ) | |
| Councilman; MIKE YARBROUGH, | ) | |
| Individually and as Lanett City | ) | |
| Councilman; JOEL G. HOLLEY, | ) | |
| Individually and as Lanett City | ) | |
| Manager | ) | |
| | ) | |
| Defendants, | ) | |

## NARRATIVE SUMMARY OF FACTS AND
## BRIEF OF APPLICABLE LAW

The Plaintiffs submit this Narrative of Facts and Brief of Applicable Law in

opposition to Defendants Motion for Summary Judgment.

### NARRATIVE SUMMARY OF FACTS

This matter is a result of the termination of employment of Plaintiff Wendell Van

Meter, from his position with the City of Lanett, Alabama Police Department. It is

undisputed that Mr. Van Meter had several outdated personnel files in his possession.

It is undisputed that the City of Lanett was in the process of disposing of the outdated

files. The Defendants claim that Mr. Van Meter's taking of the files constituted a

"theft of property" and based their termination of Mr. Van Meter upon that allegation

(1)

(see letter from Joel Holley dated December 7, 2005, attached hereto as exhibit A).

The Plaintiffs contend that the City of Lanett was negligent in their handling of the

disposal of the files and because of that negligence, Mr. Van Meter had every reason

to believe that the files were nothing more than mere trash, and that he was free to

take them into his possession (see statements of Lanett Fire Department personnel

Chief Tim Jennings, Hal Shelley, Kelly Meachum, Contessa Meachum, Jimmy Spear,

Willie Kirby, Charles Potts, Alissa Compton attached hereto and collectively labeled

exhibit B). None of the fire department personnel involved in the disposal/destruction

of the files were given any instructions as to any safeguards of the files or any

information indicating that the files were anything more than trash (exhibit B). In

fact, many of the files were placed in trash bags (exhibit B; statement of Mrs. Jennie

Gunnels, dated October 28, 2005, attached hereto as exhibit C, transcript of

Diciplinary Hearing of December 14, 2005 p 73-76 lines 12-21, hereto attached as

exhibit D; Internal Investigation Summary of Detective Teddy Morris, attached

hereto as exhibit F).  The fire department personnel acting with the full knowledge of

Mrs. Jennie Gunnells and City Manager Joel Holley, transported the files to a vacant

house, scattered the files throughout the house and then left the area with the files

unsecured (see exhibit B; exhibit C; statement of Joel G. Holley dated November 17,

2005 attached hereto as exhibit E). After hearing of an investigation regarding the

files, Plaintiff Van Meter immediately contacted Lanett Police Chief Ronald Docimo,

and told him that he in fact had the files in his possession. On November 7, 2005,

Plaintiff Van Meter returned the files to City Manager Joel Holley. At no time did

Plaintiff Van Meter try to conceal, hide or deny the fact that the files were in his

(2)

possession. He simply took what he reasonably believed to be trash, and immediately returned it upon knowledge that the Defendants considered them other than trash. At no time, as evidenced by his actions, did Mr. Van Meter's conduct constitute "theft".

Mr. Van Meter was placed on administrative leave while the Lanett Police Department conducted an internal investigation. The investigation was conducted by Detective Teddy Morris, at the direction of Chief Ronald Docimo (exhibit F). Chief Docimo subsequently made the recommendation that Mr. Van Meter's employment be terminated.

On December 7, 2005, Plaintiff Van Meter, accompanied by counsel, met with City Manager Joel Holley for the purpose of appealing Chief Docimo's recommendation. Within 24 hours of the meeting, Plaintiff Van Meter received written notification of City Manager Holley's decision (exhibit A). In that letter, Mr. Holley stated that Mr. Van Meter's employment with the City of Lanett was "terminated effectively immediately" (exhibit A).

On December 14, 2005, the Mayor and Council held a "Due Process Hearing", and voted to "uphold the decision of the City Manager" (exhibit D, p 90, lines 4-14).

Having no further appeals process availed to them, Plaintiffs filed the present tort action in the Circuit Court of Chambers County, Alabama. The Defendants then sought and received removal of the case to this Honorable Court.

## BRIEF OF APPLICABLE LAW

### Summary Judgment Standard

In their brief in support of summary judgment, the defendants have correctly

(3)

quoted and cited FED.R.CIV.P.56 (c) setting forth the standard for summary judgment. "If the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact then the moving party is entitled to a judgment as a matter of law." Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986).

A dispute of fact "is genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v Liberty Lobby Inc., 477 U.S. 242, 248 (1986). If there is a conflict in the evidence. "the [plaintiff's] evidence is to be believed and all reasonable inferences must be drawn in his favor." Anderson, 477 U.S. at 255; Molina v Merritt & Furman Ins. Agency, 207 F.3d 1351, 1356 (11th Cir. 2000). The non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. Anderson, 477 U.S. at 257.

In the instant case, "genuine" issues of material fact exist. These conflicts of the facts are demonstrated by the "affirmative evidence" set forth in the exhibits attached hereto and cited herein. Therefore, the Plaintiffs respectfully request that this Honorable court deny the Defendants motion for summary judgment.

**1.    The Defendants Did Wrongfully Terminate the Plaintiff.**

The Defendants contend that the Plaintiff was not wrongly terminated from his employment because he received a pretermination hearing. (citing Hardric v City of Stevenson, 843 So.2d 206, 210 (Ala. Civ. App. 2002), City of Gadsden v Harbin, 398 So.2d 707, 708 (Ala. Civ. App. 1981).

(4)

The Defendants contend that Plaintiff's claim of wrongful termination is based upon the "subtle nuance" that City Manager Holley's "decision" was that Mr. Van Meter be "terminated immediately" (exhibit A). Defendants further assert that City Manager Holley's decision was only a recommendation as to what disciplinary action should be taken. It is clear from the language of Mr. Holley's notification to the plaintiff (exhibit A) that it was meant to be a "decision". That Mr. Van Meter's employment was terminated, and that the city manager held the authority to make that "decision." The intent to vest this authority in the City Manager is further evidenced by the language of the City of Lanett Employee Personnel Handbook . "Where the offense is severe, final action will be vested in the city manager" (City of Lanett, Alabama. Employee Personnel Handbook, Section VII (D)(4) attached hereto as exhibit G). The City's intent to vest such unlawful authority is also evidenced in the language used by the city attorney in the "Due Process Hearing" (post termination hearing) held on December 14, 2005. City attorney Nix stated at the close of the hearing, "Our personnel policy basically gives you two alternatives, and I've written them out here for you so y'all can look." "One is a motion to uphold the decision of the city manager, and that motion would simply read, I uphold the decision of the city manager regarding Lieutenant Dean Van Meter. If you decide not to uphold, I've prepared a second motion that says: I move that we do not uphold the decision of the city manager regarding Lieutenant Dean Van Meter and recommend the following disciplinary action be taken." (exhibit D p 89-90). The very language of the two alternatives show that a predetermined result was expected. Even if the mayor and council did not uphold the "decision" of the city manager, they were to going to levy alternative discipline.

(5)

Section 11-43-21(b)(3) <u>Code of Alabama 1975</u>, as amended specifically prohibits such authority being vested in a city manager. " Nothing in this section shall operate or confer upon the city manager supervision and control over the municipal board of education or municipal schools, utilities operated by the municipality or its police or fire department other than the authority to engage employees under the heads of the police or fire departments and utilities operated by the municipality." (Section 11-43-21(b)(3) <u>Code of Alabama 1975</u>, as amended).

Genuine material issues of fact exist as to the wrongful termination of Plaintiff Wendell Dean Van Meter. Therefore, the Plaintiffs respectfully request that this Honorable Court deny Defendants motion for summary judgment.

## 2.    <u>The Defendants Deprived Plaintiff of His Civil Rights</u>

The Defendants deprived the Plaintiff of his civil rights to free speech, political affiliation and due process of law.

A.    Plaintiff Van Meters First Amendment rights were violated in that the actions taken against him were the result of his supporting Mayor Crawley's opponent in the mayoral election and because he had also been very vocal in his opposition of Mayor Crawley's policy of having friends hired for certain city jobs at what Van Meter felt to be unfairly high salaries. These comments by the Plaintiff were made to Defendants Crawley and Holley, as well as Chief of Police Docimo. The Plaintiff was directed by Chief Docimo to "shut up". (see deposition of Wendell Dean Van Meter, pages 99-101 hereto attached as exhibit H).

To establish his claim regarding his right to free speech, the Plaintiff must show " (1)

(6)

the speech involved a matter of public concern (2) the employees free speech interest outweighed the employer's interest in effective and efficient fulfillment of its responsibilities; and (3) the speech played a substantial part in the adverse employment action." <u>Cook v. Gwinnett County School District</u>, 414 F.3d 1313, 1318 (11th Cir.2005).

"Speech addresses a matter of public concern when the speech can be fairly considered as relating to any matter of political, social, or other concern to the community." <u>Fikes v City of Daphne</u>, 79 F.3d 1079 (11th Cir. 1996). If the speech does address a mater of public concern, the court must examine the content, form and context of the employee's speech to determine if the speech is constitutionally protected. <u>Badia v City of Miami</u>, 133 F.3d 1443, 1445 (11th Cir. 1998). Misconduct by the mayor of a municipality is a matter of public concern. " A police officers interest in reporting official misconduct by the mayor is not outweighed by the city's interest in efficient public service." <u>Todd v. Kelley, et al.,</u> 738 So.2d 31 (Ala. Civ App. 2000).

The Plaintiff was approached by at least two police officers that told him "the mayor wasn't going to help him" because he (Van Meter) didn't help the mayor during the election (see defendants exhibit A, p 51 line 6). This comment by Defendant Crawley indicates a predetermined bias that played a substantial part in the action taken against the Plaintiff.

The statements made by Mayor Crawley to the police officers, and whether those statements showed a predetermined bias that played a substantial role in the termination of the Plaintiff, are genuine material issues of fact. Therefore, the Plaintiffs respectfully request that the Defendant's motion for summary judgment be denied.

(7)

B.    The Defendants deprived the Plaintiff of his right to due process of law.

The City of Lanett had in place, a policy in violation of Section 11-43-21(b)(3) Code of Alabama 1975, as amended. This policy vested the authority to terminate Plaintiffs employment, in the city manager. Such authority is specifically prohibited by state law. Plaintiff's right to due process was violated by the Defendants failure to provide the Plaintiff with an unbiased hearing.

"It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked". Zinermon v. Burch, 494 U.S. 113 (1990), quoting Monroe v Pape, 365 U.S. 167 (1961). "Thus, overlapping state remedies are generally irrelevant to the question of the existence of a cause of action under 1983". Zinermon 494 U.S. at 118.

The Plaintiff exhausted all remedies availed to him by the City of Lanett policy. The Plaintiff then sought relief through a tort action in Alabama state court. The Defendants cite McKinney v. Pate, 20 F.3d 155 (11th Cir. 1994) as the basis for their contention that the Defendants claim of a constitutional violation of his right to due process is invalid. Unlike the Plaintiff in McKinney, the Plaintiff in this case sought relief through Alabama state court. The Defendants then removed the case to Federal court on the basis of the 1983 claim.

The Due Process Clause affords a guarantee of fair procedure. Zinermon 494 U.S. at 119. Plaintiff Van Meter was effectively terminated from employment by City Manager Holley on December 7, 2005 (exhibit A). The mayor and council held a hearing on December 14, 2005, that they termed a "Due Process

(8)

Hearing"(exhibit D). The hearing was in effect a "post termination" hearing, since it was the last remedy available to the plaintiff through city policy. City Manager Holley and Mayor Crawley made negative comments indicating bias, prior to the hearing. Mayor Crawley made such statements to at least two police officers (exhibit H, p. 51 lines 6-12). City Manager Holley labeled Mr. Van Meter as a "Trouble Maker". (exhibit H, p 82 line 5). A post termination hearing must be held before a tribunal having apparent impartiality to the charges. Schweiker v. McClure, 456 U.S. 188,195 (1982); Tonkavich, 159 F.3d at 518; McKinney v. Pate, 20 F.3d 1550, 1561 (11th Cir.) (11Cir.)(en banc), cert. denied, 115 S. Ct. 898 (1994), Chandler v. City of Lanett,424 So. 2d 1307 (1982). Thus, where the hearing officer is an official of the employer (e.g. mayor, city manager), he should be insulated from the matter until such time as the hearing is conducted. Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482 (1976).

Mayor Crawley failed to recuse himself from the proceedings after being requested to do so. (exhibit D p. 9-10). City Manager Holley, while not the hearing officer, presented all of the city's evidence to the mayor and council during the hearing. It should be noted that Mr. Holley was the person who initiated the investigation against the Plaintiff.

The failure of the Defendants to provide the Plaintiff with an impartial, unbiased hearing, effectively deprived the Plaintiff of his right to due process of law. The Defendants knew the importance of providing the Plaintiff with due

(9)

process, and that the injection of "politics" into the process effectively impeded the due process of an employee (see Valley-Times News article dated March 10, 2006, quoting Defendant Joel Holley attached hereto as exhibit K).

Therefore, the Plaintiffs respectfully request that this Honorable Court deny the Defendants motion for summary judgment.

<u>The Plaintiffs Are Not Barred From Recovery of Compensatory Damages</u>.

In their brief in support of their motion for summary judgment, the Defendants claim that the Plaintiff is barred from recovery of compensatory damages, citing McKinney, 20F.3d at 1558n.11, "In an employment case, the claimant typically seeks reinstatement and a properly conducted pretermination hearing ". "If the claimant elects not to seek a remedial hearing, no compensatory damages may be awarded either." In the present case, the Plaintiff sought every remedy available pursuant to the City of Lanett Policy. The so called "due process" hearing held before the mayor and council on December 14, 2005, was in effect a "remedial hearing." Plaintiff Van Meter was fired on December 7, 2005, (pursuant to Section VII (d) (4) City of Lanett, Alabama Employee Personnel Handbook) by City Manager Holley. The only opportunity for a "remedial hearing" per city policy was the December 14th hearing. The Defendants seem to be implying that the Plaintiff is barred from recovery of compensatory damages because they filed a state tort action rather than an action in equity.

The Plaintiff sought all remedial relief available prior to initiating a tort action in state court, therefore, the Plaintiff's are not barred from an award of

(10)

compensatory damages.

**3.    The Defendants Intentionally Inflicted Emotional Distress Upon the Plaintiff.**

The tort of outrage requires that the actionable conduct be (1) outrageous in character and (2) so extreme in degree as to go beyond all possible bounds of decency and (3) be regarded as atrocious and utterly intolerable in a civilized society. American Road Service v. Inmon, 394 So.2d 361,365 (Ala.1980).

The Defendants, upon discovery that the Plaintiff had personnel files in his possession, immediately set into motion a procedure to terminate his employment. The Plaintiff had reason to believe that the files were nothing more than mere trash. The plaintiff never had any "intent" to deprive anyone of their property (Section 13A-8-2 Code of Alabama 1975, as amended). This is evidenced by the fact that he immediately returned the files upon learning that the city had a problem with his possession of them.

The Defendants immediately set into motion an internal investigation that was directed not at finding the facts of the matter, but rather at trying to assemble evidence to support their predetermined disciplinary action of the Plaintiff. This is evidenced by the fact that the Detective assigned to conduct the investigation (Teddy Morris) was told by Chief Docimo who to interview, prior to the investigation beginning (exhibit F). The Defendnats made statements regarding the matter to the local newspaper prior to the investigation being completed and prior to any hearing. These statements effectively labeled the Plaintiff as a "thief". Such actions were

(11)

outrageous and extreme in nature. The actions of the Defendants in publicly labeling
the Plaintiff as a "thief", are especially atrocious since the Plaintiff was a police
officer with over twenty years experience serving the citizens of Lanett. The
Defendants intentional actions against the Plaintiff violate the rule of law and should
be deemed as "intolerable in a civilized society".

There are genuine issues of material fact regarding the Plaintiffs claim of
intentional infliction of emotional distress, therefore the Plaintiffs respectfully request
that this Honorable Court will deny the Defendnat's motion for summary judgment
as it applies to this matter.

**4.    The Defendants Defamed the Plaintiff**

The elements for a defamation action are: (1) a false statement concerning the
plaintiff, (2) unprivileged communication of the statement (3) fault of at least
negligence, (4) actionability of the statement. Drill Parts & Service Co. v. Joy Mfg.
Co., 619 So 2d 1280, 1289 (Ala. 1993) (quoting McCraig v. Talladega Publ'g Co.,
544 So.2d 875, 877 (Ala.1989).

The Plaintiff learned of the internal investigation and the charges that he was
accused of from a third party (Eddie Chandler) (exhibit p 23 lines11-14). Not only
was the third party not an employee of the City of Lanett, he was a private citizen,
who was the host of a local television program. At the time that Mr. Chandler was
informed of the investigation/pending charges of "theft of property", the investigation
was incomplete, and no disciplinary action had been initiated. It appears that the
"theft of property" statement was made to Eddie Chandler in an effort to disseminate

(12)

to the public that the plaintiff was a "thief". Such a statement was false and
unjustified since the investigation was incomplete and no disciplinary action had
been commenced.

The communication to Mr. Chandler from a Lanett Police officer (see
affidavit of Eddie Chandler, attached hereto as exhibit I) was clearly an unprivileged
communication. The communication to Mr. Chandler by a member of the police
department was, at least, negligent, if not intentional.

In addition to the statements made to Eddie Chandler, the Defendants released
information to the Valley-Times News, the local newspaper (exhibit H p.79 lines 3-
12). An article was published in the Valley-Times News, prior to the
completion of the investigation and thus prior to any finding of fact or truth, that
stated that the Plaintiff had been placed on administrative leave, for "theft of city
property". Such a statement being disseminated to the public prior to any finding of
truth or fact is a defamation of the plaintiff's character.

Citing Deutsch v Birmingham Post Co., 603 So.2d (Ala 1992) 910, 911, the
Defendants contend "the truth of the communication is a complete defense to
defamation". In the present case, "the truth of the matter" is a material issue of fact.
The Plaintiff's allege that the Defendants had a predetermined bias and the charges
against the Plaintiff were untrue. Thus, any statements made by the Defendants
labeling the Plaintiff as a "thief" should be considered untrue and actionable.

5.    **The Defendants Caused the Plaintiff's to Lose Consortium.**

The tortuous actions of the Defendants proximately caused the lose of
(13)

consortium of the Plaintiffs (exhibit H p.87 lines 1-14; see deposition of Neva

Jane Van Meter, p 20-24, attached hereto as exhibit J). Because loss of

consortium claims are derivative claims, <u>Georgia Power Co. v. Partin</u>, 727

So.2d, 6 (Ala. 1998), all of the Plaintiff's tort claims must fail before the loss of

consortium claim is invalid. Because the tort claims of the Plaintiff's contain

genuine issues of material fact, the Plaintiffs respectfully request that this

Honorable Court deny the Defendant's motion for summary judgment as it

pertains to Plaintiff's loss of consortium claim.

### 6.   **The Defendants were Negligent**

"No city or town shall be liable for damages for injury done or suffered through

the neglect, carelessness or unskillfulness of some agent, officer or employee of the

municipality engaged in work therefore and while acting in the line of his or her

duty." <u>Ala. Code</u> (1975) section 11-47-190. The Defendant's assert that the Plaintiff's

claims as to negligence are not actionable because they are derived from the City's

decision–making powers. (<u>Ott v. Everett</u>, 420 So.2d 258 (Ala. 1982).

The Defendants concede that the City is not permitted to violate the due process of

employees (Defendants brief in support of summary judgment, p 18 line 23). In

establishing and adopting a written policy (exhibit G), the defendants are under a duty

to ensure that the policy does not violate the due process rights of the employee. The

Defendants assert that there is no common law duty to ensure due process of law. The

Fourteenth Amendment of the United States Constitution guarantees all citizens the

right to due process of law. Therefore any written policy established and adopted by

the Defendants must guarantee due process to it's employees. Whether or not the City

(14)

of Lanett policy affords due process of law to it's employees is a genuine material issue of fact.

The Defendants were also negligent in their handling/disposal of the personnel records. "No county, municipal or other local government official shall cause any county, municipal or other local government record to be destroyed or otherwise disposed of without first obtaining the approval of the Local Government Records Commission". Ala. Code, 1975, Section 41-13-23. Not only did the defendants fail to comply with 41-13-23, they also handled the disposal of the records in a careless and haphazard manner, treating the records as mere trash. No policy was in place to ensure that the provisions of 41-13-23 were complied with. The Defendants were negligent in their failure to establish such policy. Defendants Crawley, McCoy, Duskin and Yarbrough have the final decision-making authority for the City of Lanett. Because of the unlawful authority vested in the city manager (Ala. Code 11-43-21(b)(3), the Plaintiffs termination was effective on December 7, 2005. The mayor and council were fully aware of the city managers actions. "Whether an official possesses final policymaking authority, so as to subject city to liability under 42 U.S.C.A section 1983 for that officials actions, is a question of state law, taking into account the applicable local ordinances or regulations". (Todd, 738 So.2d 31). Defendants Crawley, McCoy, Duskin and Yarbrough took no action to correct the unlawful actions of the city manager. As a general rule, city officials are immune from suit unless they violate clearly established law, In the present case , the Defendants, with knowledge, violated Section 11-43-21(b)(3) Code

(15)

of Alabama 1975, as amended and Section 41-13-23 Code of Alabama 1975, as

amended. A genuine material issue of fact exists as to whether the Defendants

violation of the above referenced statutes constitutes negligence.

Therefore, the Plaintiffs respectfully request that this Honorable Court deny the

Defendants motion for summary judgment as it pertains to this matter.


_William G. Harris_
WILLIAM G. HARRIS

(16)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the following on this the 27th day of February, 2007 via United States Mail, postage prepaid.

George Baron Coleman
Webster, Henry, Lyons & White P.C.
132 North Gay Street
Auburn, Alabama 36830

T. Randall Lyons
Webster, Henry, Lyons & White P.C.
132 North Gay Street
Auburn, Alabama 36830

William G. Harris (HAR277)
OF COUNSEL

(17)