# EXHIBIT A

**MAYOR**
Oscar Crawley
**CITY MANAGER**
Joel Holley
**CITY CLERK**
Deborah Daniel
**CITY TREASURER**
Jenell Lee



**COUNCIL MEMBERS**
Tony Malone
Jamie Heard
Kyle McCoy
John Duskin
Mike Yarbrough

**PLAINTIFF'S EXHIBIT A**

City of Lanett
Employer

Vs

Wendell Dean VanMeter
Employee

State of Alabama
Chambers County

December 7, 2005

RE: Decision Upon Disciplinary/Due Process Hearing

Employee VanMeter, you are hereby notified that as a result of the disciplinary/due process hearing held on the morning of December 7, 2005, in the conference room of the Lanett City Hall, wherein you were present with representative counsel, Hon. Jim C. Ingram and Hon. William G. (Bill) Harris, the following decision has been made concerning disciplinary action, to wit:

After proper written notice of specific charges, and due process procedure; and after a full due process (non adversarial) hearing wherein the employee named above was afforded full disclosure of evidence and maximum due process to be heard (with counsel present), I find the charges to be founded in fact and supported by evidence. Therefore, as City Manager for the City of Lanett, having duly considered facts and evidence from an internal investigation as well as the oral response and demeanor of the employee, as well as the best interest of the City of Lanett, I concur with the recommendation of the Department Head, Chief Ronald Docimo. Employee Wendell Dean VanMeter is hereby notified that his employment is <u>terminated effective immediately</u> with the City of Lanett. I concur that City property consisting of personnel files was stolen which is a violation of

a Class II Offense of the City Personnel Policy. Further, the taking of and possession of stolen personnel files and subsequent distribution of files is a violation of Lanett Police Department rules and regulations 1.230 "Conduct Unbecoming an Officer".

If you are dissatisfied with this decision, you may avail yourself of further due process procedures provided by the personnel policies and procedures of the City of Lanett.

You may avail yourself of appeal or grievance procedure in that within ten (10) working days of receipt of the City Manager's decision, the employee has the right to elevate his grievance to the Lanett City Council. To start the process, you should put in writing your desire to proceed and elevate your grievance to the City Council. Said writing should be filed with the City Manager. You are entitled to a non-adversarial hearing and then a separate adversarial hearing wherein you may produce witnesses and cross examine witnesses called by the City. The legal rules of evidence and discovery do not apply to any of these proceedings. The City does not have subpoena power. The "New Open Meetings Law" could impact the hearing s as discussed with your counsel.

If you so desire, after discussion with your counsel and upon stipulation by you and the City, the non-adversarial hearing before the City Council could be waived and then we would proceed with the adversarial (mini trial) hearing.

At either hearing, the City Council will furnish you with and answer within five (5) working days of this appeal.

This 7th day of December 2005.

_____
Joel G. Holley, City Manager

# CERTIFICATE OF SERVICE

This is to certify that I have served a copy of this notice upon Hon. Jim C. Ingram, counsel for employee Wendell Dean VanMeter (by agreement). Said service made by personnel service on the ___7th___ day of December, 2005.

_____
Joel G. Holley, City Manager

Served by: __Joel G. Holley_____

Time and Date of Service: __12-7-05__

Signature of employee's counsel_____

Cc: Personnel File
    Employee Wendell Dean VanMeter
    Hon. William G. (Bill) Harris