# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| WENDELL DEAN VAN METER, <br> NEVA JANE VAN METER, <br><br>     Plaintiffs, <br><br> v. <br><br> THE CITY OF LANETT, ALABAMA; OSCAR CRAWLEY, individually and as Mayor of the City of Lanett; KYLE MCCOY, individually and as Lanett City Councilman; JOHN DUSKIN, individually and as Lanett City Councilman; MIKE YARBROUGH, individually and as Lanett City Councilman; JOEL G. HOLLEY, individually and as Lanett City Manager <br><br>     Defendants. | Case No.: 3:06-CV-583-MHT |

## DEFENDANTS' REPLY TO THE PLAINTIFFS' BRIEF IN OPPOSITION TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants submit this Reply to the Plaintiffs' brief in opposition to the Defendants' Motion for Summary Judgment. Because the Plaintiffs' brief in opposition contains numerous errors, the Defendants are compelled to reply to the Plaintiffs' opposition for the sole purpose of identifying such errors.

**1.** **Despite the Plaintiffs' insistence to the contrary, there are no genuine issues of material fact.**

Despite the Plaintiffs' bald assertions that genuine issues of material fact exist, there are no genuine issues of material fact in this matter. To the contrary, all relevant issues to be decided by this Honorable Court are issues of law.

To be clear, this Honorable Court must only decide the following few issues of law: whether the Defendants' undisputed actions constitute (1) wrongful termination, (2) deprivation of free speech and political affiliation, (3) deprivation of due process, (4) intentional infliction of emotional distress, (5) defamation, (6) loss of consortium, and (7) negligence.

The Plaintiffs' brief does not point out a single instance where their version of the facts differs from the Defendants' version of the facts. Instead, the Plaintiffs repeatedly urge this Honorable Court to <u>interpret the facts</u> in such a manner so as to deny the Plaintiffs' Motion for Summary Judgment. The Plaintiffs' have every right to ask this Honorable Court to deny the Defendants' Motion, but such a request does not constitute an issue of fact.

**2.   The Plaintiffs do not address, and therefore do not deny, that Mr. Van Meter was paid his regular salary through December 19, 2005.**

As set forth in the Defendants' Motion for Summary Judgment, the City of Lanett paid the Plaintiff his regular salary through December 19, 2005. Such payment is consistent with the Defendants' contention that Mr. Van Meter was still employed until that date. The Plaintiffs' brief in opposition strategically ignored that fact.

**3.   The Plaintiffs' interpretation of whether the Plaintiff is barred from recovery for failing to seek a remedial hearing is contrary to established law.**

The Plaintiffs' brief in opposition incorrectly interprets the established law that a plaintiff who fails to seek a remedial hearing in his complaint is barred from recovering compensatory damages. The Plaintiff implicitly acknowledges that this statement of law is correct, but insists that the due process hearing "was in effect a 'remedial hearing.'" Such a statement inconsistent with the term "remedial hearing" as used in caselaw.

The only instance in which courts consider a hearing to be "remedial" is when the hearing is held upon a court's explicit order following a request for such a hearing. <u>See</u> <u>e.g.</u>,

2

Abrams v. Johnson, 521 U.S. 74 (1997); Sure-Tan, Inc. v. N.L.R.B., 467 U.S. 883 (1984); Nashville Gas Co. v. Satty, 434 U.S. 136 (1977); International Broth. of Teamsters v. U.S., 431 U.S. 324; Wilson v. Taylor, 733 F.2d 1539 (11th Cir. 1984); Wilson v. Taylor 658 F.2d 1021 (5th Cir. 1981). In each of these cited cases, remedial hearings are understood as hearings that were held as a corrective measure following a court proceeding. By contrast, the Plaintiffs' do not cite a single instance of where a "remedial hearing" is considered anything but a court-ordered corrective hearing.

In the Defendants' Motion for Summary Judgment, the Defendants cited McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994), for the statement of law barring the Plaintiffs from recovering compensatory damages. McKinney states the issue in a way that defines what sort of hearing is considered "remedial": "[i]n an employment case, the claimant typically seeks … a properly conducted pre-termination hearing." McKinney, 20 F.3d at 1557. The note elaborates and uses the term "remedial hearing" to describe what the claimant is seeking: "Of course, if the claimant elects not to seek a remedial hearing, no compensatory damages may be awarded either." Id. n. 11. The McKinney court's use of the phrase "remedial hearing" to describe what a plaintiff seeks from a court, leaves little room for debate as to what the court meant when it said a claimant was barred from seeking compensatory damages if he did not seek a remedial hearing.

**4.     The Plaintiffs rely on an inapplicable statute to assert claim for negligence.**

The Plaintiffs assert a claim for negligence against the city by relying on Ala. Code (1975) § 41-13-23, which is completely inapplicable to the present matter. Even if the City of Lanett violated § 41-13-23, such a violation does not give rise to the Plaintiffs for a cause of action against the city. The purpose of § 41-13-23 is to ensure that notable public records "shall be permanently preserved because of historical value." See Ala. Code (1975) §§ 41-13-21, 23.

The Plaintiffs are not in the class of persons designed to be protected by this statute. Rather, this statute is in place for the explicitly stated purpose of ensuring public records with historical value are not mistakenly destroyed without the state having an opportunity to save them.

The Plaintiffs decry that "[n]o policy was in place to ensure that the provisions of 41-13-23 were complied with," and that the Defendants were thus "negligent in their failure to establish such a policy." However, the Plaintiffs' reliance on this statute as an attempt to force upon the Defendants an actionable duty to the Plaintiffs is mistaken. The Plaintiff is not suing the City because they destroyed valuable historical records without offering the State an opportunity to review those records to determine which records were historically valuable enough to preserve. As such, this statute creates no duty flowing to the Plaintiffs.

Respectfully submitted on this the 2nd day of March, 2007.

          /s/ T. Randall Lyons
T. RANDALL LYONS (LYO006)
Attorney for Above-Named Defendants

OF COUNSEL:
Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing document was served upon the following on this the 5th day of March, 2007 via United States Mail, postage prepaid:

William G. Harris, Esq.
James C. Ingram, Jr., Esq.
Post Office Box 1175
Lanett, AL 36863-1175


                /s/ T. Randall Lyons
                OF COUNSEL