IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDELL DEAN VAN METER, ) | |
| NEVA JANE VAN METER, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF LANETT, ) | |
| ALABAMA; OSCAR CRAWLEY, ) | |
| individually and as Mayor of the City ) | Case No.: 3:06-CV-583-MHT |
| of Lanett; KYLE MCCOY, ) | |
| individually and as Lanett City ) | |
| Councilman; JOHN DUSKIN, ) | |
| individually and as Lanett City ) | |
| Councilman; MIKE YARBROUGH, ) | |
| individually and as Lanett City ) | |
| Councilman; JOEL G. HOLLEY, ) | |
| individually and as Lanett City ) | |
| Manager, ) | |
| ) | |
|     Defendants. ) | |

## ORDER ON PRETRIAL HEARING

A Pretrial hearing is to be held in this case on August 17, 2007:

**(1)** **Parties and Trial Counsel:**

**Counsel appearing at Pretrial Hearing:**

**William Harris and James C. Ingram, attorneys for Plaintiffs**

**T. Randall Lyons, attorney for Defendants**

**(2)** **Jurisdiction and Venue:**

The Parties agree that this Court has jurisdiction and venue over this action.

**(3) Pleadings:**

**The following pleadings and amendments were allowed:**

**The Plaintiffs' Complaint**

**Defendants' Notice of Removal and Answer**

**Plaintiffs' Exhibit List**

**Plaintiffs' Witness List**

**Defendants' Exhibit List**

**Defendants' Witness List**

**(4) Contentions of the Parties:**

**Plaintiffs' Contentions:**

The Plaintiff(s) Wendell Dean Van Meter contends that the City of Lanett, its Mayor and City Manager Joel G. Holley, and three City Councilmen, Kyle McCoy, John Duskin, Mike Yarbrough wrongfully terminated the Plaintiff Wendell Dean Van Meter, and deprived him of his civil rights of due process. Van Meter further claims intentional infliction of emotional distress and defamation and Mrs. Van Meter contends loss of consortium. Lastly, the Plaintiffs claim negligence.

The Plaintiffs contend that City Manager Joel Holley by writing a letter of December 7, 2005, that stated that Mr. Van Meter was terminated was outside City Manager Holley's authority and that it violated the Plaintiff's due process. However, the letter allowed a hearing before the City Council to appeal this ruling, and at the hearing, three Councilmen and the Mayor who are Defendants voted to terminate or

uphold the City Manager's decision and two Councilmen who are not Defendants voted to overturn the City Manager's decision.

Therefore, the Plaintiffs claim compensatory damages in the amount of $500,000.00 plus punitive damages.

**Defendants' Contentions:**

The Defendants contend that the termination of Wendell Dean Van Meter was properly handled by the City of Lanett and its Council Members, Mayor, and City Manager. Mr. Van Meter took possession of at least five City employee personnel files while the City was in the process of destroying those files. Mr. Van Meter took the files without permission and admits to having taken them.

The City placed Mr. Van Meter on administrative leave with pay while an investigation was started. Following the investigation, Police Chief Ron Docimo recommended Mr. Van Meter be terminated from his position. Chief Docimo told Mr. Van Meter that he could appeal his recommendation to City Manager Joel Holley, which was done. On December 7, 2005, Mr. Van Meter's attorneys accompanied him to a meeting before the City Manager regarding this appeal. City Manager Holley told Mr. Van Meter and his attorneys that he would try to have a decision to them within twenty-four hours and Mr. Van Meter would have five working days to appeal his decision.

**Within twenty-four hours Mr. Van Meter received City Manager Holley's decision to terminate him and uphold the recommendation of the supervisor as provided by the City of Lanett's policy.**

**The Plaintiff then filed an appeal to the City Council for a due process hearing and further waived the five days. On December 14, 2005, the Mayor and Council of the City of Lanett held a due process hearing where the facts of Mr. Van Meter's matter were discussed. Mr. Van Meter attended the due process hearing and was represented by counsel and testified at the hearing. The Council did not hold a vote at the due process hearing, but announced the vote of four to two in favor of termination five days later during the next regularly scheduled council meeting. Mr. Van Meter was present at that meeting, at which time the determination was told.**

**Further, the City of Lanett paid Mr. Van Meter up through December 19, 2005, which is the date of the Council's official record.**

**It is the Defendants' contention that Mr. Van Meter was not wrongfully terminated due to his admission of having taken City files without permission and that his rights were not deprived or denied him and therefore there was no intentional infliction of emotional distress or defamation and no negligence or loss of consortium.**

**(5)    Stipulations by and between the Parties:**

**The parties stipulate that all documents presented by the Defendants as exhibits are admissible and come into evidence without any foundation or predicate.**

**It is further stipulated by and between the parties that the Plaintiff was employed by the City of Lanett and his last position was a lieutenant with the Police Department.**

**It is stipulated by and between the parties that Van Meter took personnel files without permission.**

**It is stipulated between the parties that Mr. Van Meter was placed on administrative leave with pay pending the outcome of an investigation.**

**It is stipulated between the parties that as a result of the investigation, Chief Ronald Docimo recommended termination of Wendell Dean Van Meter for theft of City property i.e. personnel files and actions unbecoming of a police officer**

**The parties further stipulate that Mr. Van Meter and his attorneys attended a hearing with City Manager Joel Holley, at which time Joel Holley heard the facts at issue and within twenty-four hours rendered a decision to uphold the recommendation of the supervisor and to terminate Wendell Dean Van Meter. However, in the letter of termination, Mr. Van Meter was told of his right to appeal this determination to the full City Council and Mayor as an appeal.**

**It is stipulated between the parties that Mr. Van Meter did appeal this matter to the City Council and Mayor and that on December 14, 2005, a hearing was held before the full City Council and Mayor, at which time Mr. Van Meter was present with counsel and called at least one witness.**

**It is further stipulated between the parties that at the December 19, 2005, City Council meeting, the Council voted three to two with the Mayor voting as well, which made the vote four to two to uphold the City Manager's decision to terminate Van Meter from his position with the City of Lanett.**

**It is stipulated between the parties that this Court has jurisdiction and venue over this matter.**

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two days, are set for September 5, 2007, at 10:00 a.m. at the United States Courthouse in Opelika, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing

counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by August 31, 2007;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 7) entered by the court on August 31, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 21st day of August, 2007.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**