# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| WENDELL DEAN VAN METER, ) | |
| NEVA JANE VAN METER, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THE CITY OF LANETT, ) | |
| ALABAMA; OSCAR CRAWLEY, ) | |
| individually and as Mayor of the City ) | Case No.: 3:06-CV-583-DRB |
| of Lanett; KYLE MCCOY, ) | |
| individually and as Lanett City ) | |
| Councilman; JOHN DUSKIN, ) | |
| individually and as Lanett City ) | |
| Councilman; MIKE YARBROUGH, ) | |
| individually and as Lanett City ) | |
| Councilman; JOEL G. HOLLEY, ) | |
| individually and as Lanett City ) | |
| Manager ) | |
| ) | |
|     Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE

COME NOW the Defendants, by and through their attorney of record, and hereby file this Motion in Limine requesting the exclusion of certain irrelevant, inadmissible and/or unduly prejudicial matters, and as grounds therefore shows unto this Honorable Court as follows:

    I.    Matters enumerated in the following paragraphs are irrelevant, inadmissible, highly prejudicial, and inflammatory, and should not be brought before the Court in any form. The interjection of these matters at the trial of this cause would cause irreparable harm to the Defendants' cause.

II. The Defendants move this Honorable Court to instruct all attorneys in this case and order them to instruct all witnesses they place upon the stand, not to make any statements or references to any of the following matters without first obtaining the Court's express permission to do so, and that they be likewise instructed not to read any pleadings or other papers concerning such matters without prior permission of the Court:

1. Any statements made in the course of compromise or settlement negotiations.

2. Any reference to Alabama Municipal Insurance Corporation and any evidence or statement which would indicate that the Defendant is covered under policies of insurance. *Preferred Mutual Insurance Co. v. Ryan,* 589 So.2d 165,166 (Ala. 1991) ("Evidence of Insurance Coverage, or the limits of a policy of insurance, is usually not relevant in tort cases, and, thus, that admission of such evidence is error.[Citations omitted]. The rationale underlying the general prohibition against such evidence is based on the possibility of injecting evidence of insurance coverage, which would unduly influence a jury's determination regarding liability and its assessment of damages.[Citation omitted].") Further, any statement regarding any action or inaction of any Alabama Municipal Insurance Corporation agent, adjuster, or claims person would be prejudicial. Again, this is highly prejudicial to the Defendants and is not admissible, relevant, or otherwise necessary.

3. Testimony, statements, or other evidence from a party or witness regarding statements allegedly made by police officers or city employees, which relate to what another person, including the Mayor of the City of Lanett, allegedly said with respect to either of the Plaintiffs, or any other statement that otherwise amounts to an out-of-court statement offered for the truth of the matter asserted. Alabama Rules of Evidence 801(c).

4. Any testimony, statement or other evidence from any physicians, chiropractors, physical therapists, or other medical providers and any and all argument from Counsel with regard to said testimony, statement or other evidence, which relates to medical causation of the Plaintiff's injuries, including emotional injuries and depression, unless such testimony, statement, or other evidence is stated to be held by said physician, chiropractor, physical therapist or other medical provider to a reasonable degree of medical certainty or probability. *Tidwell v. Upjohn Company*, 626 So.2d 1297, 1301 (Ala. 1993) ("On issues of medical causation, a showing of probable cause, rather than possible cause, must be made.")

5. The use, display, or reference to or any mention of any medical charts, diagrams or other trial aids which contain information, statements, testimony or other representations as to the medical condition of the Plaintiff, the medical causation of the alleged injuries to the Plaintiff, including emotional injuries and depression, and/or the prognosis for the future recovery of the Plaintiff, which said information has not been previously admitted into evidence by the testimony of a physician or other medical provider made by the testifying individual to a reasonable degree of medical certainty or probability. *Tidwell v. Upjohn Company*, 626 So. 2d 1297, 1301 (Ala. 1993) ("On issues of medical causation, a showing of probable cause, rather than possible cause, must be made.")

6. The relative wealth of the parties.

WHEREFORE, the premises considered, the Defendants respectfully request this Honorable Court to grant this Motion in Limine in its entirety and grant the protection and relief herein sought by appropriate order binding all counsel, parties, witnesses and persons

appearing herein; and that it grant such other, further, and different relief to which the Defendants may show to be entitled.

                                       Respectfully Submitted,

                                       /s/ T. Randall Lyons
                                       T. RANDALL LYONS (LYO006)
                                       Attorney for Above-Named Defendants

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have this date of August 22, 2007, electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

James C. Ingram, Jr.
P.O. Box 285
Lanett, AL 36863

William G. Harris
P.O. Box 1175
Lanett, Alabama 36863

                                       /s/ T. Randall Lyons
                                       OF COUNSEL