# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| **WENDELL DEAN VAN METER,** ) | |
| **NEVA JANE VAN METER,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **THE CITY OF LANETT,** ) | |
| **ALABAMA; OSCAR CRAWLEY,** ) | |
| **individually and as Mayor of the City** ) | **Case No.: 3:06-CV-583-DRB** |
| **of Lanett; KYLE MCCOY,** ) | |
| **individually and as Lanett City** ) | |
| **Councilman; JOHN DUSKIN,** ) | |
| **individually and as Lanett City** ) | |
| **Councilman; MIKE YARBROUGH,** ) | |
| **individually and as Lanett City** ) | |
| **Councilman; JOEL G. HOLLEY,** ) | |
| **individually and as Lanett City** ) | |
| **Manager** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COME NOW the Defendants, City of Lanett, Alabama, Oscar Crawley, Kyle McCoy, John Duskin, Mike Yarbrough, and Joel G. Holley, by and through their attorney of record, and respectfully request the Court to propound the following instructions to the jurors:

Respectfully Submitted,

_____/s/ T. Randall Lyons_____
T. RANDALL LYONS (LYO006)
Attorney for Above-Named Defendants

OF COUNSEL:

Webster, Henry, Lyons & White, P.C.
P.O. Box 239
Montgomery, AL 36101
334-264-9472
334-264-9599

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date of August 21, 2007, electronically filed the foregoing with the Clerk of the Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

James C. Ingram, Jr.
P.O. Box 285
Lanett, AL 36863

William G. Harris
P.O. Box 1175
Lanett, Alabama 36863

_____/s/ T. Randall Lyons_____
OF COUNSEL

**REQUESTED JURY CHARGE 1**
**Consideration Of The Evidence**
**Duty To Follow Instructions**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity, the City of Lanett, is involved as a party must not affect your decision in anyway. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 2.1).

_____GIVEN                 _____REFUSED

## REQUESTED JURY CHARGE 2
### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 3).

_____GIVEN                    _____REFUSED

## REQUESTED JURY CHARGE 3
### Impeachment Of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 4.1).


_____GIVEN                    _____REFUSED

## REQUESTED JURY CHARGE 4
### Burden Of Proof When Only Plaintiff Has Burden Of Proof

In this case it is the responsibility of the Plaintiff to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence you should find for the Defendants as to that claim. (See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 6.1).

_____GIVEN                    _____REFUSED

## REQUESTED JURY CHARGE 5
## Burden Of Poof When There Are Multiple Claims Or
## When Both Plaintiff And Defendant Or Third Parties Have Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 6.2).

_____GIVEN                _____REFUSED

## <u>REQUESTED JURY CHARGE 6</u>
### <u>Duty To Deliberate When Only The Plaintiff Claims Damages</u>

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 7.1).


_____GIVEN               _____REFUSED

## REQUESTED JURY CHARGE 7
### Election Of Foreperson
### Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Basic Instruction 8).


_____GIVEN                    _____REFUSED

**<u>REQUESTED JURY CHARGE 8</u>**
**<u>Public Employee</u>**
**<u>First Amendment Claim</u>**
**<u>Discharge</u>**
**<u>Political Disloyalty</u>**
**<u>Freedom Of Speech</u>**

In this case the Plaintiff claims that the Defendants, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of authority of the State of Alabama, as Mayor, City Manager, and City Council of the City of Lanett, the Defendants intentionally violated the Plaintiff's constitutional rights when the Defendant terminated the Plaintiff's employment allegedly because of the Plaintiff's exercise of the constitutional right of free speech, political belief, and association.

The Defendants deny that the Plaintiff's rights were violated in any way, and assert that the Plaintiff's termination of employment was due to his actions of theft and actions unbecoming of a police officer.  Further, the Defendants plead that all rights of due process were upheld to the Plaintiff as allowed by the City Personnel Handbook.

Under the First Amendment to the Constitution of the United States, every citizen has the right to "freedom of speech," which includes the right to engage in "political activity,' such as holding meetings and hearing the view of political candidates, or running for office or supporting political candidates, without governmental interference or penalty.  This means, then, in the case of governmental or public employees  that such

public employees may not be discharged from their employment by governmental authority because of that kind of political activity which is protected by the First Amendment.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the Untied States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the actions of the Defendants were "under color" of the authority of the State;

Second:  That the Plaintiff engaged in constitutionally protected political activity, a form of free speech, as previously defined, by campaigning against the present Mayor and making comments about the Mayor's actions after being elected.

Third:  Such protected political activity was a substantial or motivating factor in the Defendants' decision to terminate the Plaintiff; and

Fourth:  That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In this case the parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

A state or local official acts "under color" of the authority of the state not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official.

You should be mindful that the law applicable to this case requires only that a public employer refrain from taking action against a public employee because of the employee's exercise of protected First Amendment rights. So far as you are concerned in this case, a public employer may discharge a public employee for any reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the defendants even though you personally may not approve of the action taken and would have acted differently under the circumstances. Neither does the law require that a public employer extend any special or favorable treatment to public employees because of their exercise of protected First Amendment rights.

On the other hand, in order to prove that the Plaintiff's constitutionally protected political activities were a "substantial or motivating" factor in the Defendants' decision, the Plaintiff does not have to prove that the protected activities were only reason the Defendants acted against the Plaintiff. It is sufficient if the Plaintiff proves that the

Plaintiff's protected political activities were a determinative consideration that made a difference in the Defendants' decision.

Finally, for damages to be the proximate or legal result of wrongful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find in the Plaintiff's favor with respect to each of the things the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would have been terminated for other reasons, even in the absence of the protected activity. If you find that the Plaintiff would have been dismissed for reasons apart from the protected political activity, then your verdict should be for the Defendants.

Now, if you find in favor of the Plaintiff, and then find that the Defendant have not established the defense that the Plaintiff would have been terminated in any event for reasons unrelated to protected political activity, you must then decide another defense put forward by the Defendants-namely, that the Plaintiff was a "key" employee whose job duties and responsibilities were such that the Defendants had a right to expect and demand political loyalty from the Plaintiff as a condition of employment.

An elected official such as the Defendants must stand for election and is politically responsible or accountable for the acts of certain key employees. The elected official has a right, therefore, to expect and demand political loyalty from these key employees so that if such an employee engages in politically disloyal activity, that employee may be terminated even though the politically disloyal activity would otherwise be a form of free speech or free association protected by the First Amendment. On the other hand, non-key

employees continue to enjoy full First Amendment protection and cannot be terminated simply because they engaged in politically disloyal activity.

(See Federal Jury Instructions, Civil Pattern Instructions, Under Eleventh Circuit Civil Cases, Federal Claim Instruction 1.1.2).


_____GIVEN                    _____REFUSED

## **REQUESTED JURY CHARGE 9**
### **Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

United States Supreme Court: *In re* Murchinson, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955).


_____GIVEN          _____REFUSED

## <u>REQUESTED JURY CHARGE 10</u>
### <u>What Is and Is Not Evidence</u>

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially notice facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I have given.

Arguments by lawyers are no evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your

recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

(See Federal Jury Instructions, Civil, Evidence, General Evidence Instructions 74-1).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 11</u>
## <u>Direct and Circumstantial Evidence</u>

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of the facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it has been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

(See United States Supreme Court: *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S. Ct. 6, 5 L. Ed. 2d 20 (1960)).

(See Eleventh Circuit: *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321 (11th Cir. 1982)).

(See Eleventh Circuit Pattern Civil Jury Instructions, Basis Instruction 2.1).

## <u>REQUESTED JURY CHARGE 12</u>
### <u>Stipulation of Facts</u>

A stipulation of facts is an agreement amount the parties that a certain fact is true.

You must regard such agreed facts as true.

(See Federal Jury Instructions, Civil, Evidence, Judicial Notice and Stipulations # 74-4).


_____GIVEN                    _____REFUSED

**REQUESTED JURY CHARGE 13**
**Burden of Proof**

I shall shortly instruct you on the elements of Plaintiff's Section 1983 claim, and on the elements of the Defendants' qualified immunity defense.

The Plaintiff has the burden of proving each and every element of his Section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of the Plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the Defendants.

The Defendants have the burden of proving each element of their affirmative defense. I shall shortly instruct you on the elements of this defense. If you find that any one of the elements of the Defendants' defense has not been proven by a preponderance of the evidence, you must disregard the defense.

*Gomez v. Tolleto*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d. 572 (1980).


_____GIVEN                    _____REFUSED

## **REQUESTED JURY CHARGE 14**

To establish a claim under Section 1983, the Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First:  The conduct complained of was committed by a person acting under the color of state;

Second:  That this conduct deprived the Plaintiff of rights, privileges, or immunity secured by the Constitutional laws of the Untied States; and

Third:  That the Defendants acts were the proximate cause of the injuries and consequential damages sustained by the Plaintiff.

*Gomez v. Tolleto*, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d. 572 (1980).


_____GIVEN                    _____REFUSED

## REQUESTED JURY CHARGE 15
### Definition

The first element of the Plaintiff's claim is that the Defendants acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under the color of any statute, ordinance, regulation, custom, or usage of any state.  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is closed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possess by virtue of state law even if his acts violate state law; what is important is that the Defendants were clothed with the authority of state law, and the Defendants' actions were made possible by virtue of state law.

*American Manufactures Mutual Insurance Company v. Sullivan*, 526 U.S. 40 119 S. Ct. 977, 143 L. Ed. 2d. 130 (1999).


_____GIVEN                    _____REFUSED

## **REQUESTED JURY CHARGE 16**

The second element of the Plaintiff's claim is that he was deprived of a federal right by the Defendants.  In order for the Plaintiff to establish the second element, he must show these things by a preponderance of the evidence.

First, that the Defendants committed the acts alleged by the Plaintiff; second, that those acts caused the Plaintiff to suffer the loss of a federal right; and third, that in performing the acts alleged, the Defendants acted intentional to deprive him of his rights. *Brown v. Cochran*, 171 Fed. 3rd 1329 (11th Cir. 1999).


_____GIVEN              _____REFUSED

## <u>REQUESTED JURY CHARGE 17</u>

To establish a claim under Section 1983, the Plaintiff must show that the

Defendants acted intentionally or recklessly.  If you find that the acts of the Defendants

were merely negligent, then, even if you find that the Plaintiff was injured as a result of

those acts, you must return a verdict for the Defendants.

*Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).


_____GIVEN                    _____REFUSED

## **REQUESTED JURY CHARGE 18**

The third element, which Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries sustained by the Plaintiff.  Proximate cause means that there must be a sufficient causally connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff.  An act or omission is the proximate cause if it was a substantial factor in bringing about a reasonably foreseeable consequence of the Defendant's act or omission.  If an injury was a direct or reasonably probable consequence of a Defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a Defendant's act or omission had such an effect in producing the injury, the reasonable persons would regard it as being the cause of injury and the act or omission is a proximate cause.

*Grivhan v. Western Line Consolidated School District*, 439 U.S. 410, 99 S. Ct. 693, 58 L. Ed. 2d 619 (1979).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 19</u>

The Plaintiff alleges that the Defendants deprived him of his right to freedom of speech under the First Amendment of the Constitution of the United States.  The Plaintiff alleges that he engaged in one or more speeches that were protected by the free speech clause of the First Amendment and that the Defendants terminated the Plaintiff due to these acts of speech.

*Rankin v. McPherson*, 483 U.S. 378, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987)


_____GIVEN                _____REFUSED

## <u>REQUESTED JURY CHARGE 20</u>

In order to prove his allegation against the Defendants, the Plaintiff must establish each of the following two elements of his claim:

First, that the Plaintiff's acts of speech were protected by the Free Speech Clause of the First Amendment; and

Second, that these acts of speech were a substantial or motivating factor in the Defendants' decision to terminate the Plaintiff.

*Duckworth v. City of Daytona Beach Shores*, 58 F. 3d. 1554 (11th Cir. 1995).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 21</u>

If you find that the Plaintiff's protected speech was a substantial or motivating factor in the Defendants' decision to take action against the Plaintiff, you must consider whether the Defendants have presented an accurate defense to the Plaintiff's case.

The Defendants present an adequate defense to the Plaintiff's case if the Defendants can show, by a preponderance of the evidence, that it would have reached the same decision to take action against the Plaintiff even in the absence of the Plaintiff's protected speech.  In other words, the Defendants must show by a preponderance of the evidence that it would have made the same decision without considering the Plaintiff's protected speech.

If the Defendants show by a preponderance of the evidence that it would have reached the same decision without considering the Plaintiff's protected speech, then you must find in favor of the Defendants.

It is important for you to realize that the Defendants have not presented an adequate defense if it shows merely that it had other, valid reasons for taking action against the Plaintiff.  It is a defense only if the Defendant would have acted on those other reasons in absence of the Plaintiff's protected speech.

Therefore, if the Defendant offers other valid reasons for taking action against the Plaintiff, the Defendants must further show that it would have acted on those reasons. Otherwise, it has not presented an adequate defense.

*Mount Healthy City School District Board of Education v. Dole*, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).

_____GIVEN                _____REFUSED

## REQUESTED JURY CHARGE 22
## Municipal Immunity From Punitive Damages

I direct you that the municipal Defendant in this case, the City of Lanett, Alabama, is immune from punitive liability.  A municipality is not totally immune under Section 1981.  The immunity is limited to the award of punitive damages.

United States Supreme Court: *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 23</u>
### <u>Defamation – Definition</u>

Defamation means a communication to a third person of a false and malicious imputation of a crime or moral delinquency of and concerning the Plaintiff, which subjected the Plaintiff to disgrace, ridicule, odium, or contempt to his friends and acquaintances, or the public, with the resulting damage to the Plaintiff's reputation.

APJI 23.00


_____GIVEN                    _____REFUSED

## REQUESTED JURY CHARGE 24
### Truth As a Defense

If you are reasonably satisfied that the matter published was substantially true, that

is true without qualification, and in all respects material, then you can not find for the

Plaintiff.

APJI 23.07


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 25</u>

If you are not clearly convinced from the evidence that the defamatory falsehood

relating to the Plaintiff as a police officer for the City of Lanett, was published by the

Defendants with knowledge that it was false or with reckless disregard of whether it was

false or not, then you can not find for the Plaintiff.

APJI 23.10

_____GIVEN          _____REFUSED

## **REQUESTED JURY CHARGE 26**

Where the Defendants acted in the discharge of any public or private duty, whether legal or moral, which the ordinary exigencies of society, or its own private interest, or even that of another, called upon him to perform, the law simply withdraws the inference of malice and gives protection to the Defendants upon the condition that actual or expressed malice is not shown by the Plaintiff; and the burden of proof is upon the Plaintiff to reasonably satisfy you that actual or expressed malice was present in the communication.

APJI 23.12

_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 27</u>

If you are reasonably satisfied that the communication complained of was made in the course of legislative or judicial proceedings or acts of state made under authority of law, then such a communication is absolutely privileged and you can not find for the Plaintiff.

APJI 23.13


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 28</u>

The Plaintiff has the burden to reasonably satisfy you from the evidence that he was terminated solely because he was a vocal critic of the Mayor's.  The Defendant has presented evidence that the Plaintiff was terminated for a legitimate reason.  The Plaintiff has the burden to reasonably satisfy you from the evidence that such reason was not the true reason, but, instead, was a pretext for an otherwise impermissible termination.

APJI 41.05

_____GIVEN                    _____REFUSED

## REQUESTED JURY CHARGE 29

Negligence is the failure to discharge or perform a legal duty owed to the other

party.

APJI 28.00


_____GIVEN                    _____REFUSED

**<u>REQUESTED JURY CHARGE 30</u>**

In order to find for wrongful termination on behalf of the Plaintiff, you must find that the City dismissed Mr. Van Meter without a pre-termination hearing.

*(See Hardric v. City of Stephenson*, 843 So. 2d. 206, 210 Ala. Civ. App. 2002)

If you find that the City of Lanett provided Mr. Van Meter with a pre-termination hearing, there can be no wrongful termination.

(See *City of Gadsden v. Harbin*, 398 So. 2d. 707, 708 (Ala. Civ. App. 1981)).


_____GIVEN            _____REFUSED

## <u>REQUESTED JURY CHARGE 31</u>

In order to find that Mr. Van Meter was deprived of his First Amendment right by the City, he must show 1) that his speech involved a matter of public concern; 2) that his free speech interest outweighed the employer's interest in effective and efficient fulfillment of its responsibility; and 3) the speech played a substantial part in the adverse employment action.  If Mr. Van Meter is unable to prove that his speech played a substantial part in his termination, you must find for the Defendants.

*Cook v. Gwinnett County School District*, 414 Fed. 3rd 1313, 1318 (11th Cir. 2005).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 32</u>

The Plaintiff also claims a violation of his procedural due process.  In the case of employment termination, due process does not require the state to provide an impartial decision maker at the pre-termination hearing.  The state is obligated only to make available "the means by which the employee can receive redress for the deprivations satisfying the requirements of due process".

If you find that the Plaintiff has proved beyond a preponderance of the evidence that the City did not provide a pre-termination hearing, then you can only, at that time, find for the Plaintiff.  However, if you find that the City did allow a pre-termination hearing, at which time the employee was able to receive redress for his alleged deprivations, you must find in favor of the Defendants.

*(See McKinney v. Pate*, 20 Fed. 3rd 1550 (11th Cir. 1994).  (Citing *Schaper v. City of Huntsville*, 813 Fed. 2d 709, 715-16 (5th Cir. 1987) (quoting *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)).

_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 33</u>

If you find from the evidence that the Defendants provided the Plaintiff with notice of the charges against him, an explanation of the Defendants' evidence, and an opportunity for the Plaintiff to present his side of the story, then under the Fourteenth Amendment's procedural due process standard, all that is required in a pre-termination hearing is, [1] oral or written notice of the charges against the employee, [2] an explanation of the employer's evidence, and [3] an opportunity for the employee to present his side of the story.

If you find that this was done, then you must find in favor of the Defendants.

(See *Cleveland Board of Education v. Lauderhill,* 470 U.S. 532, 546 (1985).

_____GIVEN            _____REFUSED

## **REQUESTED JURY CHARGE 34**

If you find from the evidence that the Plaintiff did not seek a remedial hearing after the City Council and Mayor terminated him, he is not eligible to recover compensatory damages.

(See *McKinney*, 20 Fed. 3rd at 11).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 35</u>

In order to find that the Defendants intentionally inflicted emotional distress upon the Plaintiff, the conduct involved must be, "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and…be regarded as atrocious, and utterly intolerable in a civilized society.  If you do not find that those characteristics were met then you must find in favor of the Defendants on the claim for intentional infliction of emotional distress.

*American Road Service Company v. Inman*, 394 So. 2d 361, 365 (Ala. 1980) (citing restatement (2nd) of Torts, Section 46 Comment D at 73 [1965]).


_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 36</u>

In order to find that the Defendants defamed the Plaintiff, you must find that the Defendants did the following:

1) A false and defamatory statement concerning the Plaintiff;

2) An unprivileged communication of that statement to a third party;

3) Fault amounting to at least negligence;

4) Either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication of the statement.

(See *Drill Parts & Service Company v. Joy Manufacturing Company*, 619 So 2d 1280, 1289 (Ala. 1993) (quoting *McCaig v. Talladega Posting Company*, 544 So. 2d 875, 877 (Ala. 1989)).

_____GIVEN                    _____REFUSED

## <u>REQUESTED JURY CHARGE 37</u>

If you find that the communication was done as a part of the city council meeting, this would have been found to have been a privileged communication. Thus, finding that the Plaintiff did not meet the elements of defamation.

(See *Butler v. Town of Argo*, 871 So. 2d 1 (Ala. 2003) (quoting *Walker v. Majors*, 496 So. 2d 726, 730 (Ala. 1986)).

_____GIVEN           _____REFUSED

## <u>REQUESTED JURY CHARGE 38</u>

If you find that the City of Lanett was negligent in its decision making only, the City is not liability to the Plaintiff.

*Ott v. Everett*, 420 So.2d 258 (Ala. 1982)


_____GIVEN               _____REFUSED

## <u>REQUESTED JURY CHARGE 39</u>

If you find that the City Council Members, City Manager, and Mayor were acting in the scope of their authority, they are absolutely immune from suit attacking their legislative judgment.

*Tutwiler Drug Co. v. City of Birmingham,* 418 So.2d 102 (Ala.1982)


_____GIVEN                    _____REFUSED